IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL JERMAINE GREENE,**

    **Plaintiff,**

v.                                                 Civil Action No. 5:20-cv-68
                                                       (Judge Bailey)

**WVDOC; Commissioner BETSY
C. JIVIDEN; and SUPERINTENDENT
SHELLY SEARLS,**

    **Defendants.**

## REPORT AND RECOMMENDATION

The plaintiff, a state prisoner currently confined at Huttonsville Correctional Center, filed this action *pro se.* In addition, he filed an Application and Affidavit to Proceed Without Prepayment of Fees ("*in forma pauperis*").

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also, Ashley v. E. Dilworth*, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes").").  Consequently, "the

1

proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis status*. He must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 Fed 3d 1234, 1237 (11th Cir. 2002); *see also Finley v. Doe*, No. 5:07-CV-00807, 2008 WL 264-5472 (S.D. W. Va. June 30, 2008) (Johnson, J.). As outlined below, the undersigned's review of PACER, the nationwide database maintained by the federal courts, indicates that at least three of the plaintiff's prior civil cases qualify as strikes under this provision.[1]

On November 2, 2015, the plaintiff filed a § 1983 complaint in the United States District Court for the Southern District of West Virginia seeking $100,000 in damages against four defendants stemming from his criminal conviction in the Mercer County Circuit Court. [Civil Action No. 1:15-cv-14561]. On November 5, 2015, Magistrate Judge R. Clarke VanDevort filed Proposed Finding and Report and Recommendation based on a screening pursuant to 28 U.S.C. § 1915A, which requires dismissal of the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. Magistrate Judge VanDevort recommended that the complaint be dismissed on initial screening. On December 10, 2016, the Honorable David A. Faber overruled the plaintiff's objections, adopted the proposed findings and recommendations and dismissed the plaintiff's complaint.

---

[1] The undersigned acknowledges that the Fourth Circuit's position has been that a dismissal without prejudice does not count as a strike. See McClean v. United States, 566 F.3d 291 (2008). However, that position has been abrogated by the Supreme Court decision in Lomax v. Ortiz-Marquez, 2020 WL 3038282 (U.S. June 8, 2020). Therefore, regardless whether the plaintiff's three cases were dismissed with or without prejudice, they count as strikes.

On December 15, 2015, the plaintiff filed a second complaint in the Southern District of West Virginia seeking $1,000,000 against the same defendants and alleging the same claims. [Civil Action No. 1:15-cv-15273]. On December 7, 2015, Magistrate Judge VanDevort again conducted a screening pursuant to 28 U.S.C. § 1915A and recommended that the case be dismissed. On July 26, 2016, Judge Faber again overruled the plaintiff's objections and dismissed the plaintiff's complaint. On Appeal, the district court's judgment was affirmed.

On April 12, 2017, the plaintiff filed a third complaint the Southern District of West Virginia seeking $7,000,000 against the same defendants and alleging the same claims. [Civil Action No. 1:17cv02344]. On November 9, 2017, Magistrate Judge Dwayne Tinsley recommended that the case be dismissed pursuant to the provisions of 28 U.S.C. §§ 1915(3)(2)(B) and 1915A.  On April 18, 2018, Judge Faber again adopted the recommendation and dismissed the plaintiff's complaint. On July 31, 2018, the Fourth Circuit affirmed for the reasons stated by the district court. [No. 18-6436].

Therefore, to avoid dismissal and proceed without prepayment of the filing fee, the plaintiff must plausibly allege that he is under imminent danger of serious physical injury.  *See* 28 U.S.C. 1915 (g). Vague, speculative, or conclusory allegations are insufficient to invoke this exception. *See Johnson v. Warner*, 200 F. Appx 270, 272 (4th Cir. 2006) (per curiam) (unpublished).  Rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

In the instant case, the plaintiff alleges that the West Virginia Division of Corrections is violating Policy Directive 511.00 and violating his free exercise of religion for Muslim inmates because the alternative meal for religious diet includes no meat not just no pork. For relief, he seeks a permanent injunction to order the WVDOC and/or Huttonsville Correctional Center to allow Muslims with a substitute for pork.

Upon thorough review of the complaint, the undersigned concludes that the plaintiff has not made a colorable showing that this action should proceed under the exception to the PLRA's three-strikes rule. Nothing in the plaintiff's complaint remotely alleges that he is under imminent danger of serious physical injury.

For the foregoing reasons, the undersigned recommends the plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915 (g) and his pending Motions [ECF Nos. 2, 4,11, 12 and 13] be **DENIED AS MOOT.** The undersigned further recommends that plaintiff be advised that if he wishes to pursue the allegations raised in the instant complaint, he must initiate a new case by filing a complaint with payment of the $400 filing fee.

The plaintiff shall have fourteen days from the date of entry of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED:  June 18, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE