IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**MICHAEL JERMAINE GREENE,**

        Plaintiff,

v.                               **Criminal Action No. 5:20-CV-68
(BAILEY)**

**WVDOC; COMMISSIONER BETSY
C. JIVIDEN; and SUPERINTENDENT
SHELLY SEARLS,**

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 16].  Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed Report and a Recommendation ("R&R").  Magistrate Judge Mazzone filed his R&R on June 18, 2020, wherein he recommends the plaintiff's case be dismissed without prejudice, and pending Motions [Docs. 2, 4, 11, 12 and 13] be denied as moot.

## I. BACKGROUND

The plaintiff is a state prisoner currently incarcerated at Huttonsville Correctional Center. Plaintiff filed the pending action *pro se*.  Additionally, plaintiff filed an Application and Affidavit to Proceed Without Prepayment of Fees. [Doc. 2].  In his Complaint [Doc. 1], plaintiff alleges that the West Virginia Division of Corrections is actively violating Policy Directive 511.00 and violating his free exercise of religion as a practicing Muslim because the

alternative meal for religious diets is meat-free rather than pork-free.  As a result, plaintiff brought an action under 42 U.S.C. § 1983.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989);  *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972);  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure.   Plaintiff timely filed his Objections to the Report and Recommendations

[Doc. 18] on June 30, 2020.  Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review.  The remainder of the R&R will be reviewed for clear error.

### III.  APPLICABLE LAW

Initially, and as identified by Magistrate Judge Mazzone, this Court notes plaintiff's background concerning previously filed *pro se* pleadings.  The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly.  The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also Ashley v. E. Dilworth, CO-1*, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes").").  Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of 1915(g).  The prisoner cannot simply pay the filing fee after being denied *in forma pauperis status.*  He must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 F.3d 1234,

3

1237 (11th Cir. 2002); *see also Finley v. Doe*, No. 5:07-CV-00807, 2008 WL 2645472 (S.D. W.Va. June 30, 2008) (Johnston, J.).

Previously, the Fourth Circuit dictated that a dismissal without prejudice did not count as a strike under 1915(g). *See McClean v. United States*, 566 F.3d 391 (4th Cir. 2009). However, as identified by Magistrate Judge Mazzone, that position was abrogated by the Supreme Court of the United States in *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721 (2020) (holding that regardless of whether the dismissal is with or without prejudice, the dismissal of a prisoner's civil lawsuit, for failure to state a claim, counts as a strike under the PLRA's three-strikes rule for *in forma pauperis* status).

## IV.  DISCUSSION

As stated in the R&R, Magistrate Judge Mazzone concluded that, based on a review of PACER, at least three of plaintiff's prior civil cases qualify as strikes under 1915(g). Moreover, Magistrate Judge Mazzone concluded that plaintiff failed to make a colorable showing that the pending action should proceed under the exception to the PLRA's three-strikes rule. As such, Magistrate Judge Mazzone determined that the pending action should be dismissed without prejudice given that plaintiff did not pay the appropriate filing fee prior to initiating the subject lawsuit.

In his  Objection to the Report and Recommendations [Doc. 18], plaintiff first argues he has never previously brought three actions resulting in three strikes under the PLRA. Additionally, plaintiff asserts a cursory argument that even if his prior actions did result in three strikes, he should still be entitled to proceed with the pending action without prepayment of fees and costs.  This Court is not persuaded by either argument.

4

In review of the R&R, this Court finds that Magistrate Judge Mazzone properly identified three prior actions brought by plaintiff, which each qualify as a strike under the PLRA. On November 2, 2015, plaintiff filed a §1983 complaint in the United States District Court for the Southern District of West Virginia seeking damages against four defendants stemming from his criminal conviction in the Circuit Court of Mercer County, West Virginia. [Civ. Action No. 1:15-CV-14561].   On November 5, 2015, Magistrate Judge R. Clarke VanDevort filed Proposed Findings and a Report and Recommendation based on a screening pursuant to 28 U.S.C. § 1915A, which required dismissal of the case if the complaint was frivolous, malicious, or failed to state a claim upon which relief could be granted. Id. Magistrate Judge VanDevort recommended that the complaint be dismissed on initial screening. Id. On December 10, 2016, United States District Judge David A. Faber overruled plaintiff's objections, adopted the proposed findings and recommendations, and dismissed plaintiff's complaint.  Id.

On December 2, 2015, plaintiff filed a second complaint in the Southern District of West Virginia, again seeking damages against the same four defendants previously named in his November 2, 2015, complaint. [Civ. Action No. 1:15-CV-15723].[1]  On December 7, 2015, Magistrate Judge VanDevort again conducted a screening pursuant to 28 U.S.C. § 1915A and recommended that the case be dismissed. Id. On July 26, 2016, United States District Judge David A. Faber overruled plaintiff's objections and dismissed

---

[1] The R&R mistakenly identified this second civil action as Civil Action No. 1:15-CV-15273.

5

plaintiff's complaint. Id. On appeal, the district court's judgment was affirmed. *See Greene v. Sadler*, 673 F. Appx. 324 (4th Cir. 2017).

On April 12, 2017, plaintiff filed a third complaint in the Southern District of West Virginia, again seeking damages against the same four defendants previously named in his prior two complaints. [Civ. Action No. 1:17-CV-02344]. On November 9, 2017, Magistrate Judge Dwayne Tinsley recommended that the case be dismissed pursuant to the provisions of 28 U.S.C. §§ 1915(3)(2)(B) and 1915A. Id. On April 18, 2018, United States District Judge David A. Faber adopted the recommendation and dismissed plaintiff's complaint. Id. On appeal, the district court's judgment was affirmed. *See Greene v. Huffman*, 733 F. Appx. 119 (4th Cir. 2018).

Upon review of these three previous filings by plaintiff, this Court finds that Magistrate Judge Mazzone correctly determined each of the three filings resulted in a strike against plaintiff under the PLRA. Therefore, to avoid dismissal and proceed without prepayment of the filing fee, the plaintiff must plausibly allege that he is under imminent danger of serious physical injury. *See* 28 U.S.C. 1915(g). Upon *de novo* review, this Court finds that plaintiff has not made a colorable showing that this action should proceed under the aforementioned exception to the PLRA's three-strikes rule, as nothing in the pending complaint suggests plaintiff is under imminent danger of serious physical injury.

Moreover, this Court rejects plaintiff's second, cursory objection to the R&R wherein he asserts that he should still be entitled to proceed with the pending action without prepayment of fees and costs despite having three strikes under the PLRA. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (finding that a reviewing court is not required to

conduct a *de novo* review when the party makes only general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations).

## IV.  CONCLUSION

Upon careful review, it is the opinion of this Court that the **Report and Recommendation [Doc. 16]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Accordingly, the plaintiff's objections **[Doc. 18]** are **OVERRULED**.  As such, plaintiff's pending Motions **[Docs. 2, 4, 11, 12, and 13]** are **DENIED AS MOOT**.

This Court further **DIRECTS** the Clerk to enter judgment in favor of the defendants and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: July 2, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE